UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN K. COOPER and CASSANDRA PARKER     CIVIL ACTION

VERSUS     NO. 05-2539

JAZZ CASINO COMPANY, L.L.C., d/b/a HARRAH'S     SECTION "F"
NEW ORLEANS, JOHN PAYNE and DAVE TANNEN

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is GRANTED.

Background

John K. Cooper and Cassandra Parker both worked for the Jazz Casino Company, which operates in New Orleans as Harrah's Casino. The defendants John Payne and Dave Tannen also worked for Harrah's, Payne as a general manager and Tannen as an assistant general manager. Cooper and Parker contend that the defendants discriminated against them because of their race. Cooper sued in state court, asserting "violation of Louisiana discrimination laws" and seeking

> all amounts commensurate with his damages to include loss of reputation, loss of income past, present and future, loss of employment, loss of his ability to earn money in his trained occupation, loss of benefits, loss of job opportunity, emotional distress, as well as all compensatory and statutory damages, including attorney fees, all as provided for by law.

Parker intervened as a plaintiff in state court, asserting that she also suffered discrimination and seeking

> all amount commensurate to include loss of reputation in

1

the gaming community, loss of past income, loss of
present and future income, loss of ability to earn money
in her trained occupation, loss of benefits, loss of job
opportunity, emotional distress, . . . as well as any and
all compensatory and statutory damages, including
attorney fees and penalties, all as reasonable under the
premise.

The defendants removed the case, and the plaintiffs now want it remanded.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

This remand issue is driven by plaintiffs' petition's prayer for "penalties."

"Federal courts are courts of limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). As such, they can only exercise jurisdiction if the requirements of diversity jurisdiction are satisfied or if the face of the well-pleaded complaint reveals a federal question.  See 28 U.S.C. § 1332(a);

Medina v. Ramsey Steel Co., Inc. , 238 F.3d 674, 680 (5th Cir. 2001). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Medina, 283 F.3d at 680 (quoting Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)) (emphasis in original).

A plaintiff's request for damages that are only available under federal law is sufficient to confer jurisdiction on the federal court. See id. Therefore, had Parker sought punitive damages, it is plain that this Court would have had jurisdiction. See id.; Taylor v. Wells Fargo Home Mortgage, Inc., No. Civ.A. 04-0841, 2004 WL 856673, at *2 (E.D. La. Apr. 20, 2004). However, Parker requested penalties, not punitive damages. As neither party points to any other mention of federal law in the plaintiffs' lawsuit, this Court can exercise jurisdiction only if Parker's invocation of penalties is equivalent to an invocation of punitive damages.

"Penalties" is not an inevitable synonym for "punitive damages." At best, its use by plaintiffs, who otherwise do not invoke federal law, is ambiguous. The defendants rely on cases in which the term "punitive damages" is defined as a penalty. See Cimino v. Raymark Indus., Inc., 151 F.3d 297, 326 n.62 (5th Cir. 1998) ("Exemplary damages or punitive damages means an amount that you may, in your discretion, award as an example to others and as a penalty or by way of punishment, in addition to any amount that

you find as actual damages."); Bains LLC v. Arco Prods. Co., 405 F.3d 764, 777 (9th Cir. 2005) (comparing a punitive damage award to the civil penalty allowed by Title VII). Just because punitive damages are penalties, however, does not mean that all penalties are in the nature of punitive damages. Punitive damages are merely a type of penalty. Indeed, courts often treat "punitive damages" and "penalties" as separate. See, e.g., Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911-12 (5th Cir. 2002) ("[W]hen an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the 'value of the right to be protected' is the 'plaintiff's potential liability under the policy,' plus potential attorneys' fees, penalties, statutory damages and punitive damages."); In re Gas Water Heater Prods. Liab. Litig., 711 So. 2d 264, 265 (La. 1998) ("The legislature further described the limited jurisdiction of that court by defining the amount in dispute as the amount demanded, including punitive damages, but not including interest, court costs, attorney fees, or penalties.").

"[U]pon removal," the Fifth Circuit cautioned years ago, "the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. . . . The reviewing court looks to the substance of the complaint, not the labels used in it." In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) (internal citations omitted). Careful examination of the plaintiffs' use of the word "penalties" instructs that it is not a clear reference to the punitive damages

permitted by Title VII. It is less than clear, and the removal statute must be strictly construed against removal. See York, 712 F. Supp. at 87.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.[1]

New Orleans, Louisiana, August 15, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Since plaintiffs represent that they seek only state law remedies, which do not include punitive damages, this Court takes their submission as a binding agreement not to seek punitive damages on remand to state court.